IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Criminal Action No. 07-*120* UNA |
| JANIE REYES-MARINO and MANLIO YOVANI MARTINEZ-RODRIGUEZ, | ) ) ) REDACTED |
| Defendants. | ) ) |

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

On or about August 5, 2007, in the State and District of Delaware and elsewhere, Defendant Janie Reyes-Marino and Manlio Yovani Martinez Rodriguez, knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did transport and move said aliens within the United States by means of transportation and otherwise in furtherance of such violation of law, and did so for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (a)(1)(B)(i), and Title 18, United States Code, Section 2.



FILED
SEP - 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COUNT TWO

On or about March 2000, within the Southern District of California, the defendant, Manlio Yovani Martinez-Rodriguez, who was then and there an alien, did knowingly and unlawfully enter the United States from Mexico, at a point near Calexico, California, which said time and place was then and there other than as designated by immigration officials of the United States for the entrance of immigrants into the United States, in violation of Title 8, United States Code, Section 1325(a)(1).

## NOTICE OF FORFEITURE

Upon conviction of the offenses alleged in Count One of this Indictment, Defendants Janie Reyes-Marino and Manlio Yovani Martinez-Rodriguez shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461(c), all conveyances used in the commission of the violation; all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense, including, but not limited to, $2,802 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All pursuant to 18 U.S.C. § 982(a)(6) & (b), 21 U.S.C. § 853(p), 8 U.S.C. § 1324, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: _____ for Shawn Weede
Shawn A. Weede
Assistant United States Attorney

Dated: September 4, 2007