IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 07-120-2-SLR |
| ) | |
| MANLIO YOVANI MARTINEZ ) | |
| RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

On September 4, 2007, defendant Manlio Yovani Martinez Rodriguez was indicted by a federal grand jury on one count of transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 8 U.S.C. § 1324(a)(1)(B)(1), and one count of illegal entry into the United States, in violation of 8 U.S.C. § 1325(a)(1). (D.I. 13) Defendant moves to suppress all evidence, arguing that law enforcement officers lacked probable cause and reasonable suspicion to stop a van in which he was a passenger. (D.I. 21) Plaintiff United States of America has filed opposition. (D.I. 29) An evidentiary hearing was held on January 30, 2008, with one witness, Delaware State trooper John Lloyd ("Lloyd"), testifying. (D.I. 36) The court has jurisdiction pursuant to 18 U.S.C. § 3231. For the reasons that follow, defendant's motion will be denied.

## II. FINDINGS OF FACTS

Pursuant to Federal Rules of Criminal Procedure 12(d), the following constitutes the court's essential findings of fact.

1. Lloyd has been a Delaware State patrol trooper for three and a half years. (Id. at 4) During this tenure, he has made several hundred arrests, including arrests for burglary.

2. On Sunday, August 5, 2007, at approximately 12:00 p.m., Lloyd was on uniformed duty driving a marked Delaware State Police vehicle in Newark, Delaware. (Id. at 5) At approximately 12:17 p.m., Lloyd received a call over the State Police dispatch radio reporting a burglary alarm activation at Abby Medical Center located at 1 Centurion, Newark, Delaware ("the location"). (Id. at 9-10) The dispatch center advised Lloyd that Abby Medical Center was closed for business. (Id. at 11, GX2)

3. Lloyd arrived at the location at 12:34 p.m. (Id. at 9-10) While driving his marked police vehicle into the parking lot, Lloyd noticed a white van parked beside an entrance to Abby Medical Center. (Id. at 15) The van, a work type vehicle with tinted back and side windows, had been backed into the parking area. (Id. at 14, 24) Lloyd did not observe any other vehicles in the parking lot. (Id. at 15)

4. As Lloyd's vehicle approached, the van pulled out and proceeded quickly toward the exit. (Id. at 16, 19) Lloyd continued to drive toward the approaching van. He waived his arms outside the car window to signal the van to stop. (Id. at 17) As the vehicles passed each other, Lloyd was close enough to make eye contact with the female driver. Lloyd described the driver as "wide-eyed" and appearing "anxious". (Id.) Her window was also rolled down.

2

5. The driver told Lloyd that they were just leaving and that everything was fine. (Id.) Lloyd responded in the negative and advised the driver to stop. She complied, LLoyd parked and noticed the van had a Texas registration. (Id. at 17-18)

6. Lloyd approached the driver's side of the van and advised the driver that a burglary alarm had been activated at that location. (Id. at 18) He requested identification from the driver. Lloyd testified that she was speaking very quickly and appeared nervous.[1] (Id. at 19)

## II. CONCLUSIONS OF LAW

1. The Fourth Amendment of the United States Constitution prevents "unreasonable searches and seizures." A seizure made pursuant to a warrant based on probable cause is generally reasonable. Katz v. United States, 389 U.S. 347, 356-357 (1967). Warrantless searches are presumed unreasonable. Id.

2. A police officer, however, may conduct a brief, investigatory stop whenever he has a reasonable articulable suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968); Illinois v. Wardlow, 528 U.S. 119, 123 (2000); United States v. Valentine, 232 F.3d 350, 353 (3d Cir. 2000). "Reasonable, articulable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, and only a minimal level of objective justification is necessary for a Terry stop." United States v. Delfin-Colina, 464 F.3d 392, 396 (3d Cir. 2006).

---

[1] Because defendant has only challenged the initial stop of the van, the events transpiring after the stop were not discussed in detail at the evidentiary hearing and are not relevant to the issues herein.

3

3. To determine whether a stop was justified, the totality of the circumstances surrounding the stop must be evaluated. United States v. Bonner, 363 F.3d 213, 216 (3d Cir. 2004). The court "must view the circumstances surrounding the stop in their entirety, giving due weight to the experience of the officers." United States v. Rickus, 737 F.2d 360, 365 (3d Cir. 1984). Deference is accorded to an "officer's judgment of whether criminal activity is taking place with an understanding that 'whether an officer has reasonable suspicion to warrant a stop . . . is often an imprecise judgment.'" United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006).

4. The court finds Lloyd's manner and demeanor during testimony credible. Lloyd's uncontradicted testimony establishes that he responded to an activated burglary alarm at a location closed for business on a Sunday afternoon. Upon arrival, Lloyd observed only one car in the parking lot: a white van with tinted windows backed into a spot along the building. Significantly, this lone van was observed near in time and geographic proximity to the location of the burglary alarm activation. United States v. Goodrich, 450 F.3d 552, 562 (3d Cir. 2006) (geographic and temporal proximity of the suspect to the crime scene is an important factor to consider in determining validity of a stop). As Lloyd approached, the van pulled out quickly, suggesting an attempt to avoid contact with the officer. Upon interacting with the driver, Lloyd concluded she was anxious and evasive. These events compelled Lloyd to order the van to stop in order to investigate further. Considering the totality of the circumstances, the court finds there was reasonable suspicion for Lloyd to stop the van.

## III. CONCLUSION

At Wilmington this   18th   day of March, 2008;

4

IT IS ORDERED that:

1. The motion to suppress evidence (D.I. 21) is denied.

2. A telephonic status conference is scheduled for **Monday, March 31, 2008** at **9:00 a.m.**, with the court initiating said call.

3. The time between this order and **March 31, 2008** shall be excluded under the Speedy Trial Act in the interests of justice. 18 U.S.C. § 3161(h)(8)(A).

_____<br>United States District Judge