IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. 07-120-2-SLR |
| MANLIO YOVANI MARTINEZ RODRIGUEZ, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, Manlio Yovani Martinez-Rodriguez, by and through his attorney, José L. Ongay, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with transporting illegal aliens for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(I). The maximum penalties for Count One are ten years imprisonment; a $250,000 fine; a term of supervised release of three years; and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) that on or about August 5, 2007, the defendant transported or moved an alien within the United States, (2) that the alien was present in violation of the law, (3) that the defendant was aware of the alien's status, (4) that the

defendant acted wilfully in furtherance of the alien's violation of the law; and (5) that the offense was done for the purpose of commercial advantage or private financial gain.

3. In connection with the parties' agreement, the defendant acknowledges that on or about August 5, 2007, he transported or moved 11 illegal aliens within the United States; that the aliens were present in the United States in violation of law; that the defendant was aware that the aliens were present in the United States in violation of law; that he acted wilfully in further of the aliens' violation of law; and that he committed the offense for the purpose of commercial advantage or private financial gain.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1. Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three points.

5. In light of the defendant's role in the offense, pursuant to U.S.S.G. § 3B1.2(b), the United States agrees to recommend that the defendant receive a further two-level reduction in his Offense Level.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant also understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the

range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The defendant agrees to forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6), and 8 U.S.C. § 1324(b) & 28 U.S.C. § 2461(c), all conveyances used in the commission of the violation; all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense, including but not limited to, $2,800 in U.S. Currency. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct and involved in illegal conduct giving rise to forfeiture. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; agrees to consent to the entry of orders of forfeiture for such property; and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus,

3

or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
José L. Ongay
Attorney for Defendant

By: _____
Shawn A. Weede
Assistant United States Attorney

_Manlio Martinez_
Manlio Yovani Martinez-Rodriguez
Defendant

Dated: 4-10-08

AND NOW, this __10th__ day of __April__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
The Honorable Sue L. Robinson
United States District Judge

4